UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEANETTE FRAZZETTO,

               Plaintiff,

v.

FRANK BISIGNANO, *Commissioner of Social Security*,

               Defendant.

**MEMORANDUM & ORDER**
25-CV-00543 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff Jeanette Frazzetto seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of the Social Security Administration's (the "SSA" or "Commissioner") final decision denying her claim for disability insurance benefits ("DIB"). *See* ECF No. 1 ¶ 1 (Complaint).[1] Defendant SSA moves to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) as time-barred.[2] For the reasons stated herein, Defendant's motion is converted to a Rule 56 motion for summary judgment and GRANTED.

---

[1] Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

[2] The parties' motion papers and exhibits consist of: ECF No. 10 (Defendant's Notice of Motion); ECF No. 10-1 (Defendant's Memorandum of Law; "Mot."); ECF No. 10-2 at 1 (Declaration of Lesha Cowell and Defendant's Exhibits); ECF No. 11 (Plaintiff's Opposition and Exhibits; "Opp."); and ECF No. 12 (Defendant's Reply; "Reply").

## BACKGROUND[3]

Plaintiff applied for Social Security DIB on August 22, 2020. *See* ECF No. 1 ¶ 5. After the SSA denied her application, Plaintiff requested a hearing. *See id.* ¶¶ 6–7. The hearing took place before Administrative Law Judge Dina Loewy ("ALJ") on June 23, 2022. *See id.* ¶ 7. The ALJ issued her decision on January 18, 2023, determining that Plaintiff was not disabled within the meaning of the Social Security Act. *See id.*

Plaintiff then requested review by the Social Security Appeals Council. On January 17, 2024, when the Appeals Council denied her request, the ALJ's decision became the SSA's final decision. *See id.* ¶ 8. The Appeals Council's denial explained that: (i) Plaintiff had 60 days to file a civil action seeking review; (ii) the 60 days would start to run after she received the letter and the SSA would assume she received the letter within five days, unless shown otherwise; and (iii) she could make a written request to the Appeals Council to extend her time to file in federal court, but must have a good reason for doing so. *See* ECF No. 10-2 at 26–27. Thus, unless Plaintiff received an extension from the Appeals Council, she was required to file a district court action on or before March 22, 2024 (the "Deadline").

On May 20, 2024, approximately two months after the Deadline, Plaintiff's counsel wrote a letter to the Appeals Council, requesting an extension of time to file an action in district court. *See id.* at 32. Counsel's reason for the request was that he had instructed a paralegal to draft the complaint for federal court and did not realize until after the Deadline passed that the paralegal, who had been out on leave and subsequently left the firm, did not draft the complaint and file it in federal court. *See id.*; ECF No. 11 at 5. The Appeals Council denied Plaintiff's

---

[3] The Court relies on uncontroverted evidence from outside the pleadings because, as explained further herein, the Court has converted the instant motion to dismiss into a motion for summary judgment.

request on June 17, 2024, explaining, "After considering the facts in this case, we find no reason under our rules to extend the time to file a civil action. You have the responsibility for due diligence. Therefore, we have denied your request for more time." ECF No. 10-2 at 33.

Approximately six months later (and eight months after the Deadline), on November 19, 2024, Plaintiff sent a second request *pro se* to the Appeals Council for an extension of time to file a lawsuit in federal court. *See id.* at 36–37. Plaintiff wrote that she had relied on her attorney's representations and believed that the case had been filed in federal court within the 60-day period, and that she would have engaged another representative or contacted the Appeals Council if she had known the deadline would not be met. *See id.* She also explained, "I have done some research and learned that under POMS: VB 02501.010(4)(j), a client's belief that his representative met a filing deadline is an example of good cause for extending the deadline. Therefore, I request that the 60-day deadline to file a lawsuit in federal court be extended." *Id.* at 37. The Appeals Council denied Plaintiff's second extension request on January 10, 2025. *See id.* at 38.

Plaintiff filed the instant lawsuit on January 31, 2025, seeking review of the SSA's DIB denial. Her Complaint does not mention the Deadline, her extension requests, or the Appeals Council's denials.

## LEGAL STANDARD

"If, on a motion [to dismiss] under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The essential inquiry in determining whether it is appropriate to convert a motion to dismiss into a motion for summary

3

judgment is "whether the non-movant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." *Krijn v. Pogue Simone Real Estate Co.*, 896 F.2d 687, 689 (2d Cir. 1990). "Ordinarily, formal notice is not required where a party should reasonably have recognized the possibility that the motion might be converted into one for summary judgment and was neither taken by surprise nor deprived of a reasonable opportunity to meet facts outside the pleadings." *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009).

Where, as here, both parties submit extrinsic evidence in support of their positions, a district court may fairly convert a motion to dismiss into one for summary judgment. *See Herod's Stone Design v. Mediterranean Shipping Co. S.A.*, 434 F. Supp. 3d 142, 155–56 (S.D.N.Y. 2020) (collecting cases), *aff'd*, 846 F. App'x 37 (2d Cir. 2021). Indeed, "a party cannot complain of lack of a reasonable opportunity to present all material relevant to a motion for summary judgment when both parties have filed exhibits, affidavits, . . . etc. in support of and in opposition to a motion to dismiss." *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008). "Even where only the party moving to dismiss has submitted extrinsic material . . . , the opposing party may be deemed to have had adequate notice that the motion to dismiss would be converted." *Id.* Here, Defendant frames his motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on the grounds that the action is time-barred or, alternatively, as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. *See* ECF No. 10 at 1. Both parties attach multiple exhibits, and their arguments rely almost entirely on materials outside of the pleadings. On October 22, 2025, the Court notified the parties that it was considering treating Defendant's motion to dismiss as a motion for summary judgment and directed the parties to submit any

4

additional materials pertinent to the motion. *See* October 22, 2025, Text Order. No additional exhibits were filed by either party. Accordingly, the Court converts Defendant's motion to dismiss to a motion for summary judgment and considers the parties' evidence. *See, e.g.*, *McKenzie v. Kijakazi*, No. 22-cv-4029, 2024 WL 4450792, at *2 (E.D.N.Y. Oct. 9, 2024).

Summary judgment is appropriate where the movant meets its burden to show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court should grant summary judgment "if the pleadings, . . . and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). A nonmoving party asserting that a fact is genuinely disputed must support the assertion by citing to materials in the record or showing that the materials cited do not establish the absence of a genuine dispute. *See* Fed. R. Civ. P. 56(c)(1). In determining whether summary judgment is warranted, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

## **DISCUSSION**

Defendant moves to dismiss this action on the grounds that Plaintiff did not file the action within the applicable 60-day statute of limitations and there is no basis to toll the 60-day period.

5

*See* ECF No. 10-1 at 4, 7. Plaintiff argues that the Court should deem her filing timely because she satisfies the requirements of equitable tolling. *See* ECF No. 11 at 4.

### I. Plaintiff's Action Is Untimely

A plaintiff who wishes to seek review by a federal district court of the SSA's final decision denying benefits must file a civil action within 60 days of receiving notice of the SSA's final decision. *See* 42 U.S.C. § 405(g). "Because the 60-day limitations period is a condition to the government's waiver of sovereign immunity, the limitations period must be strictly construed." *Melissa E. V. v. Dudek*, No. 24-cv-5546, 2025 WL 775499, at *3 (S.D.N.Y. Mar. 11, 2025) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986)). Notice of the SSA's final decision is presumed to have been received within five days of its mailing, unless a plaintiff makes a "reasonable showing" otherwise. *See* 20 C.F.R. §§ 416.1401, 422.210(c); *Liranzo v. Comm'r*, 411 F. App'x 390, 391 (2d Cir. 2011).

Here, Plaintiff is presumed to have received notice of the SSA's final decision on January 22, 2024, five days after the Appeals Council denied the request for review. *See* ECF No. 1 ¶ 8 (request denied on January 17, 2024). Plaintiff does not challenge this presumption. To be considered timely under the 60-day limitations period, Plaintiff was required to commence this action on or before March 22, 2024. She does not dispute this either. Therefore, given that Plaintiff filed this action on January 31, 2025, 315 days after the statutory deadline, her Complaint is untimely. Because the statute of limitations is strictly construed, Plaintiff's action must be dismissed unless she demonstrates that she is entitled to equitable tolling. *See Kijakazi*, 2024 WL 4450792, at *4.

## II. Equitable Tolling Is Not Warranted

"[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that [s]he has been pursuing [her] rights diligently and that some extraordinary circumstance stood in [her] way." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005). A plaintiff seeking equitable tolling bears the burden of demonstrating "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [her] filing[.]" *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010); *see also Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). "Circumstances that justify equitable tolling include circumstances where the plaintiff (i) was unaware that there had been a violation giving rise to a claim, (ii) rebutted the presumption that notice of the Appeals Council denial was received within five days, (iii) received conflicting information about the filing deadline, or (iv) was unable to comprehend the appeal process because of an impediment." *Smith v. Comm'r of Soc. Sec.*, No. 20-cv-1384, 2023 WL 5806222, at *4 (E.D.N.Y. Sept. 6, 2023). Equitable tolling is only appropriate "in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising [her] rights." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). If the plaintiff could have filed on time if she had acted with reasonable diligence, notwithstanding the extraordinary circumstances, equitable tolling is not warranted. *See Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021).

Here, Plaintiff fails to show that she acted with reasonable diligence or that extraordinary circumstances stood in her way. First, "the record is devoid of any evidence that [s]he acted diligently to pursue [her] claims—for example, by reaching out to [her] counsel about [her] case, or attempting to file a civil action by [herself]." *Kijakazi*, 2024 WL 4450792, at *4. Indeed, it was not until approximately two months after the Deadline that Plaintiff made her first extension

7

request to the Appeals Council; six months after the first extension denial that she made her second extension request; and two weeks after the second extension denial—in other words, ten months after the Deadline— that she filed the instant action, all through the same counsel.[4]

Likewise, there is nothing in this record indicating the existence of extraordinary circumstances.  The only thing Plaintiff points to is her counsel's conduct, but that is not enough.  "The Supreme Court has held that 'a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.'" *Bachand v. Saul*, 778 F. App'x 74, 75 (2d Cir. 2019) (citing *Holland v. Florida*, 560 U.S. 631, 651–52 (2010)).  "The failure of a retained attorney to timely file a federal social security complaint does not necessarily constitute an 'extraordinary circumstance' warranting equitable tolling." *Id.* (citing *Torres v. Barnhart*, 417 F.3d 276, 280 (2d Cir. 2005)).  Thus, Plaintiff has not met her burden to show that equitable tolling is warranted.

---

[4]  The Court notes that, while Plaintiff's second extension request to the Appeals Council was sent *pro se*, she used counsel's letterhead.  *See* ECF No. 10-2 at 36–37.

**CONCLUSION**

For the reasons explained herein, Defendant's motion to dismiss is converted to a motion for summary judgment and GRANTED.[5]  The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close this case.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
November 10, 2025

---

[5] Even if the Court had declined to consider the parties' extrinsic evidence and decided the motion as a motion to dismiss, the result in this case would be the same.  It is clear from the face of the Complaint that this action is untimely.  Moreover, the Complaint fails to assert any facts in support of equitable tolling.  *See Baker v. Comm'r of Soc. Sec.*, No. 16-cv-5285, 2019 WL 1994051, at *2 (E.D.N.Y. May 6, 2019) ("Plaintiff has the burden of proving whether equitable tolling applies.") (citing *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)); *see also Sisun v. United States*, No. 18-cv-7429, 2019 WL 2163115, at *2 (E.D.N.Y. May 16, 2019) ("For the Court to apply the doctrine of equitable tolling, however, Plaintiff must plead facts that demonstrate such diligence and extraordinary circumstances.").